JOHN K. CUMMINGS, Appellant, v. LOUISA H. WRIGHT ET
AL., Respondents.

### January 17, 1882.

A proceeding by motion under the statute cannot be maintained against the
administrator of a deceased stockholder.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

M. McKEAG, for the appellant.

M. L. GRAY, for the respondents.

THOMPSON, J., delivered the opinion of the court.

The only question which we have to consider here, is,
whether a proceeding by motion under section 736 of the
Revised Statutes, can be maintained against the adminis-
trator of a deceased stockholder, in the circuit court.
The statute in question reads as follows : " If any execution
shall have been issued against any corporation, and there
cannot be found any property or effects whereon to levy the
same, then such execution may be issued against any of the
stockholders to the extent of the amount of the unpaid bal-
ance of such stock by him or her owned ; provided always,
that no execution shall issue against any stockholder except
upon an order of the court in which the action, suit, or
other proceedings shall have been brought or instituted,
made upon motion in open court, after sufficient notice in
writing to the persons sought to be charged ; and upon
such motion, such court may order execution to issue ac-
cordingly." By section 191 of the Revised Statutes, " any
person having a demand against an estate, may establish
the same by the judgment or decree of some court of
record, in the ordinary course of proceeding, and exhibit a
copy of such judgment or decree, and shall also exhibit
copies of all judgments and decrees rendered in the lifetime
of the deceased, to the probate court."

The ground on which the plaintiff seeks to invoke this remedy is that the statute last cited allows demands against the estates of decedents to be established by ordinary proceedings in the circuit court, and that the statute first cited allows the remedy there given only in the court in which the judgment against the corporation was rendered. Unless, therefore, he can proceed in that court under such statute, he is deprived of his summary remedy by the death of the stockholder. These grounds are not tenable. In the first place, the summary remedy by motion against stockholders is not an " ordinary proceeding " in the circuit court; but it is an extraordinary proceeding — a summary remedy given by statute contrary to the common law, and contrary to the ordinary course of the court. Secondly, it is not a proceeding for a "judgment or decree," according to the language of section 191, but it is a proceeding for an execution. Now, when it is considered that we have no statute which allows the circuit court to award an execution against an executor or administrator, to be levied *de bonis testatoris, vel intestati*, there is an end to all doubt upon the question.

The circuit court was, therefore, right in sustaining the demurrer to the motion for execution, and its judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.