ELLEN DONNELLY, Respondent, v. ALBON C. HODGSON, ADMINISTRATOR, Appellant.

### November 28, 1882.

1. ADMINISTRATION — LIMITATIONS. — The special limitation of the administration law does not begin to run until the demand is due.

2. STOCKHOLDERS — DEBTOR AND CREDITOR. — The statute which authorizes a proceeding by a creditor against a stockholder of an insolvent corporation does not make the stockholder a debtor of the corporation creditor.

3. —— ADMINISTRATION. — A creditor of a corporation cannot exhibit his claim against the corporation for allowance against the estate of a deceased stockholder owning unpaid stock.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Reversed and remanded.*
HITCHCOCK, LUBKE & PLAYER, for the appellant.
M. McKEAG, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Ellen Donnelly, a judgment creditor of the Butchers and Drovers' Bank, exhibited for allowance in the probate court a demand against the estate of James B. Clemens, deceased, which was allowed and placed in the sixth class. On appeal to the circuit court, the same judgment was rendered, and ordered to be certified to the probate court.

There is an agreed statement of facts to the following effect : —

The Butchers and Drovers' Bank was incorporated in 1867, and did a banking business in St. Louis until July

13, 1877, when it ceased to receive deposits. Ellen Donnelly was then a deposit creditor of the bank, and received its certificate of deposit for $705, on which she obtained judgment in February, 1881.

James B. Clemens, on July 13, 1877, and at the date of his death, was the owner and holder of ten shares of the capital stock of said bank, of the par value of $100, on which there remains unpaid $50 on each share. These shares were inventoried as a part of Clemens's estate. Clemens died, and letters were, on March 15, 1878, granted on his estate. The widow administered. She afterwards married, and Hodgson became administrator *de bonis non*, and is now acting as such. Due notice of letters was published in each case. On April 7, 1881, notice of the demand in question was served on Hodgson. A certified copy of the judgment of Donnelly against the bank, and of the execution and return of *nulla bona*, are made part of the stipulation. The estate of Clemens has not been finally settled. The proper affidavit accompanied the demand.

1. It is claimed that the demand was not exhibited in time. As the special limitation (Rev. Stats., sect. 185) does not begin to run until the debt becomes due ( *Greenbaum* v. *Elliott*, 60 Mo. 32 ), this might be no valid objection if the demand was one that could be allowed against the estate of Clemens, since it appears that plaintiff's cause of action against the bank did not mature until August 1, 1880.

2. But we think that the agreed facts show no demand against the estate of Clemens. In many states, charters are granted to corporations, which expressly provide that the stockholders shall be individually responsible to the amount of their shares of stock for the indebtedness of the corporation. And, in some states, there is a general statutory provision to this effect. And it has been held that such or similar language, in the charter, or in the general corporation act under which the corporation in question was organized, creates an absolute primary liability of all

the stockholders to all the creditors, on the principle of partnership — the stockholders standing substantially on the same footing as if they were partners, except that the liability of each is limited to a sum equal to his shares of stock. *Coleman* v. *White*, 14 Wis. 700; *Corning* v. *McCullagh*, 1 Const, 47; *Fuller* v. *Sedden*, 87 Ill. 310. But the liability of Clemens to the bank is not shown to be such a liability as that considered by this court in *Hodgson* v. *Cheever* (8 Mo. App. 319). There the express provision of the charter of the bank, in view of which provision the defendant in that case must be held to have contracted, was that, when default is made in any liability of the bank, " the stockholders shall be individually responsible for an amount equal to the amount of stock held by them respectively." This clause is held, in Illinois, where that charter was granted, to impose a primary liability upon the stockholders, so that an individual creditor can sue an individual stockholder in the contingency of default by the corporation. But it does not appear that the stockholders of the Butchers and Drovers' Bank contracted in view of any such statutory provision, in their charter or elsewhere. Nor is this an attempt to proceed against the estate of Clemens, for an amount equal to his stock in the bank, but for the amount due by him, not to creditors of the bank, but to the bank itself, for an unpaid balance upon his stock.

Our statute provides (Rev. Stats., sect. 736) that: "If any execution shall have been issued against any corporation, and there cannot be found any property or effects whereon to levy the same, then such execution may be issued against any stockholders to the extent of the amount of the unpaid balance of such stock by him or her owned; provided always, that no execution shall issue against any stockholders except upon an order of the court in which the action, suit, or other proceeding shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the person sought to be charged; and upon such

motion, such court may order execution to issue accordingly ; and, provided further, that no stockholder shall be individually liable in any amount over and above the amount of stock owned.''

A proceeding under this section cannot be maintained against the administrator of a deceased stockholder, for obvious reasons ; and so we held in the recent case of *Cummings* v. *Wright* (11 Mo. App., 348).

Nor is there anything in the language of the provision which creates a direct liability of the stockholder to the creditor of the bank, so as to enable the creditor of the bank to sue the stockholder. The stockholder is not in privity with the creditor of the bank ; the creditor of the bank cannot, on account of any liability of the bank to him, assert that any stockholder of the bank and debtor of the bank is, therefore, his debtor. There is no statutory provision known to us, by which, for the peculiar protection of creditors of banking corporations, these corporations sustain with their stockholders a relation having some of the features of partnership. Where a stockholder owes the bank on account of unpaid stock, a judgment creditor of the bank having a *nulla bona* execution, may, by means of a certain statutory provision, have satisfaction by proceeding to have an indebtedness of one or more stockholders to the bank for unpaid stock applied to the execution, and he may thus reach a special asset of the bank, but we cannot see that the right to have this remedy makes the stockholder in any sense a debtor of the judgment creditor of the bank. Clemens did not, in his lifetime, owe Mrs. Donnelly any balance on his unpaid stock, but he owed it to the bank ; and unless Clemens in his lifetime was indebted to Mrs. Donnelly, it is plain that she cannot establish this demand against his estate. C., the creditor of A., may, by the garnishment process, obtain satisfaction of the debt by requiring B., the debtor of A., to pay him, C., the creditor of A., what B. owes to A. But this fact does not make B., when he is sum-

moned as garnishee, the debtor of C. It might, perhaps, be convenient that the remedy given by the statute should be extended, and that the creditor of a corporation should have the same remedy against the estate of a stockholder indebted at his death for unpaid stock, that he has against the stockholder whilst alive; but no such remedy seems to be given by statute in Missouri.

3. The statute provides (Rev. Stats., sect. 745), that where a corporation dissolves, leaving debts unpaid, an action may be brought by any stockholder who was such at the time of the dissolution, without joining the corporation in the suit, and provides for contribution amongst the stockholders in such case. But this section does not apply in the case at bar; for, by the agreed statement, it does not appear that the corporation was dissolved. The cessation of business does not imply dissolution, nor does insolvency necessarily work the dissolution of a corporation under all circumstances. It appears that the action in this case was on promissory notes of the corporation, given when it had ceased to receive deposits, and payable three years after date.

We think that the judgment should be reversed and the cause remanded. It is so ordered. Judge LEWIS concurs; Judge THOMPSON dissents.