Ellen Donnelly, Appellant, *v.* Albon C. Hodgson, Administrator, Respondent.

January 2, 1884.

1. Corporations — Stockholders — Actions. — To warrant a suit by a creditor of a corporation against a stockholder, under the statute, without joining the corporation, it should appear that the corporation is practically dissolved.

2. —— When the petition alleges a corporate existence, and the evidence shows that the corporation (a bank) had ceased to receive deposits, had not the means and did not intend, to resume business,. that it was proceeding to wind up its business, that notes given in settlement to creditors were past due, a proceeding founded on one of these notes against a stockholder can not be maintained under section 745 of the Revised Statutes.

3. —— The statute (sect. 736) which authorizes a proceeding by a judgment cred-
itor against the stockholder of an insolvent corporation does not make
the stockholder a debtor of such judgment creditor.

4. —— ADMINISTRATION. — A creditor of a corporation not shown to have been
dissolved can not have his claim against the corporation allowed against
the estate of a deceased stockholder who owned unpaid stock.

APPEAL from the St. Louis Circuit Court, ADAMS, J.

M. McKEAG and H. I. DARCY for the appellant: It is
immaterial, especially, as no point was made on it be-
low, that plaintiff did not expressly declare what section
she was proceeding under. Indeed, it is immaterial that
she or her counsel may not have known. An erroneous
theory, temporarily entertained, will not destroy a case,
good on its facts. — *Perry* v. *Turner*, 55 Mo. 426; *Voor-
his* v. *Smith, Beggs & Co.*, 11 Mo. App. 111; *Bevin* v.
*Powell*, 11 Mo. App. 223; *Scott* v. *Railroad Co.*, 75 Mo.
136; *Hodo* v. *Benecke*, 11 Mo. App. 393; *Iba* v. *Railroad
Co.*, 45 Mo. 469. The bank, though not dissolved abso-
lutely, was dissolved within the meaning of the statute
giving the remedy to creditors. — Thomp. on Stock., sect.
310; *State Savings Association* v. *Kellogg*, 52 Mo. 583;
*State Savings Association* v. *Kellogg*, 63 Mo. 540, *Kehler*
v. *Lademann*, 11 Mo. App. 551; Angell & Ames on Corp.
(11th ed.), sect. 631; 2 Kent's Comm. (12th ed.), top p.
311. The estate of a deceased stockholder, is a stockholder
in the sense of the statute, as it is within the reason of the
statute. — *Manville* v. *Edgar*, 8 Mo. App. 324; *Hodgson*
v. *Cheever*, 8 Mo. App. 318–321; *Chamberlain v. Transp.
Co.*, 44 N. Y. 304; *The State to use, etc.*, v. *Heman*, 70
Mo. 452; *Bailey* v. *Hollister*, 26 N. Y. 116; *Diven* v. *Lee*,
36 N. Y. 302. That the statute, being in derogation of the
common law, should be strictly construed is an obsolete
claim. — Pollock's Essays, 85; Pom. Sedg. on Con., 259–
270; *The State* v. *Darly*, 11 Mo. App. 528–533; *Putnam*
v. *Ross*, 46 Mo. 338; *De Witt* v. *Smith*, 63 Mo. 263;
*Morgan* v. *Railroad Co.*, 76 Mo. 172. A proceeding in

the probate court is a " suit," within the meaning of the statute. — *Kennedy* v. *Phosphate Co.*, 17 S. C. 411; *s. c.*, 43 Am. Rep. 607–612.

HENRY HITCHCOCK, JR., for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding in the probate court, for an allowance against the estate of James B. Clemens, deceased, in favor of a judgment creditor of the Butchers and Drovers' Bank, of which deceased was, at the time of his death, a stockholder. The demand was allowed in the probate court. On appeal to the circuit court, the claim was again allowed. On appeal to this court, the judgment of the circuit court was reversed and the cause remanded. The cause was again tried, and the finding and judgment were for defendant.

The case was tried upon the agreed statement of facts set forth in the former opinion of this court. No other evidence was introduced; but plaintiff offered to prove by B. W. Chambers, President of the Butchers and Drovers' Bank, that " at the time of presenting the claim in the probate court, the Butchers and Drovers' Bank had not the means for, nor did its directors contemplate, a resumption of business at any time; and that it has not now the means therefor, nor do its directors contemplate a resumption of business." Defendant objected to this testimony, and it was excluded by the trial court.

When this case was here on the former appeal, we held, that, the right given by the statute (Rev. Stats., sect. 736), to a judgment creditor of a corporation to proceed against a stockholder of the corporation upon a return of *nulla bona* on the execution, does not make the stockholder a debtor of the judgment creditor, or establish any privity between them ; and that, where the corporation is not shown to be dissolved, a creditor of the corporation, as such, can not pursue the estate of a deceased stockholder to have

satisfaction of his claim against the corporation out of any sum due to the corporation by the stockholder at the time of his death, for unpaid stock.

It is, however, now contended, that the present proceeding has its warrant in section 745 of the Revised Statutes, which provides, that, "if any company formed under this chapter dissolves, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit." And it is earnestly contended that, from the facts before the court, together with the testimony offered, as stated above, and excluded as irrelevant, a dissolution of the corporation ought to be presumed, for the sake of the remedy against the individual members, and in favor of creditors, according to the doctrine of *Slee* v. *Bloom* (19 Johns. 456), and the cases in this state and elsewhere, in which the teaching of that case has been followed and applied.

There is nothing in the agreed statement of facts on which this cause was first tried, to show a dissolution. It was not stated that the corporation was insolvent; but only that it ceased to receive deposits on July 13, 1877; and that on that day it agreed to pay its existing indebtedness on or before August 1, 1880, and issued to its creditors its promissory notes, payable on that day, one of which notes plaintiff received, on which she obtained judgment against the bank on February 11, 1881. If the corporation was dissolved, its dissolution must have occurred at some date. It is not necessary to fix that date by any proceedings against the corporation on behalf of the state. But some fact must appear, as a transfer of all its assets, its ceasing to own any property, or its being in such a position that, to obtain judgment against it would be futile. It was said by Chief Justice Spencer in *Slee* v. *Bloom,* that, when a corporation has suffered an act to be done by which the end, being, and design of the corporation is de-

termined, though it might have capacity to reinvigorate itself, the case had happened when, as regards its creditors, it must be regarded as dissolved. There is nothing to show that this had happened in the present case up to February 11, 1881. Nor does it appear how plaintiff can say that the corporation was then dissolved, for, on that day, she obtained judgment against the corporation. Nor can she say that it was dissolved at the time this proceeding was commenced in the probate court; for the statement of plaintiff's demand against the estate which is the foundation of this action, alleges that, "The said Butchers and Drovers' Bank of St. Louis, is, and at the time of the commencment of plaintiff's suit against it, was, a body corporate, duly incorporated," etc. This statement of the demand is not inserted in the present bill of exceptions, but it appeared in the bill of exceptions on the former appeal, and this is the same demand and the same proceeding. In view of this allegation of plaintiff in her claim, it seems a mere afterthought to invoke the provisions of section 745 as a warrant for this suit against the estate of a deceased stockholder; and we do not think that it can be held that with this statement of the cause of action before him, the trial judge erred in refusing to admit the evidence offered for the purpose of showing that the corporation was actually dissolved when this proceeding was begun.

The statement filed in the probate court as the foundation of this cause of action is omitted from the bill of exceptions now before us, but it sufficiently appears that this is the same case that was here on the former appeal and that the statement is the same there set out at length, and which we then considered and in which it was expressly affirmed by the claimant that the bank in which the deceased held stock was an existing corporation at the time the claim was presented against his estate. Were it otherwise, however, and were the exact nature of the claim hidden from us by the manner in which the bill of exceptions is made up, we would not presume against the action of the trial court in

rejecting evidence offered in support of the claim. It is no longer contended as on the former appeal, that, by virtue of the statute (Rev. Stat., sect. 736), giving a judgment creditor a resort against the holder of unpaid stock after a return of *nulla bona*, the stockholder becomes in some sort a debtor of the judgment creditor, and that the statute effects some sort of privity between the two. Learned counsel who is now prosecuting this appeal, and with diligence, learning, and ingenuity endeavoring to make the best of a bad cause, did not frame the original claim, and he argued the case before us orally upon the theory — upon which he also insists in his brief — that, rejecting all inconsistent allegations in the statement, the claim must be considered as a proceeding under section 745 against the stockholder of a dissolved corporation.

We do not, however, see that the testimony excluded would warrant a finding that the corporation was dissolved. There may have been neither the means nor the intention of resuming business as a bank of discount and deposit, and yet the corporation, through its proper officers, may have been engaged in winding up the affairs of the bank. We do not see how a corporation can be at once dissolved and not dissolved. If it is to be held, that, so soon as a banking corporation closes its doors with no hope of re-opening them, the corporation is dissolved, what becomes of the statutory remedy against the stockholders, given only to judgment creditors of an insolvent corporation after a return of *nulla bona?* But we think this is not the law. It was considered in *Slee* v. *Bloom*, that mercantile corporations are of a new and peculiar character, and little more than limited partnerships, in the question of whose dissolution the state is not particularly interested; that to procure a formal sentence of dissolution before instituting suit against a stockholder, is beyond the power of the creditor, and would frustrate the statutory remedy; that the right being perfect, the remedy must be effectual; and

that the question of dissolution can be fully litigated in a suit by the creditor against a stockholder, and, that without holding that the corporation had lost all its rights, the dissolution of the corporation might be adjudged, so far as the creditor was concerned, in his action against the stockholder. But, in that case the company was shown to have suffered all its property to be sold under execution, and had performed no corporate act whatever for more than a year. Yet it has been suggested that, in that case, the court perhaps rather supplied a defect in the statute than announced the law as found in the books; and Chancellor Kent said, it should not be carried beyond the precise facts on which the case rested. *Slee* v. *Bloom*, 19 Johns. 456; *Penniman* v. *Briggs*, Hopk. Ch. 300; 8 Cow. 387; *Bradt* v. *Benedict*, 17 N. Y. 99.

The stock subscriptions of the members of a corporation are a part of its assets, a trust fund for the payment of creditors, and the liability of the shareholders may be enforced at the suit of creditors whenever the legal assets are insufficient to satisfy their claims; the creditors have an equitable lien upon unpaid stock. This has often been said, and we do not dispute it. But this does not give the creditor of a corporation a right to proceed at law directly against the stockholder. A judgment creditor may proceed under the statute against a stockholder where his execution is returned *nulla bona*, but this statutory proceeding can not be maintained against the administrator of a deceased stockholder, as we held in *Cummings* v. *Wright* (11 Mo. App. 348), and a creditor may sue any stockholder without joining the corporation, where the company has dissolved leaving debts unpaid, as is provided by section 745 of the corporation law; and by this it is not meant that there must first have been a judgment of forfeiture against the corporation, as has been repeatedly held in Missouri. *Kehlor* v. *Lademann*, 11 Mo. App. 553; *State Sav. Ass'n* v. *Kellogg*, 52 Mo. 583. But we are aware of

no case in which it is held that the mere fact that the corporation has closed its doors and does not contemplate a resumption of the business for which it is created, shows a dissolution. In *Moore* v. *Whitcomb* (48 Mo. 544), the railroad had been seized and sold under the lien of the state; in *State Sav. Ass'n* v. *Kellogg* (63 Mo. 540), the corporation had been adjuged a bankrupt in the federal court; and so with the other cases, here and elsewhere. In every case a virtual dissolution was shown, though there was no forfeiture of the franchise by the state. In the case at bar, the plaintiff asserts in his petition that the company of which defendant's intestate was during his lifetime a stockholder, was an existing corporation when her claim was filed in the probate court. She does not suggest its dissolution, and she offers no evidence to show dissolution, beyond a statement by its president that the corporation has not the means of resuming its banking business, and that the directory do not contemplate doing so ; and there are facts in evidence from which it may fairly be inferred that the corporation, since it closed its doors as a bank, has been engaged in a compromise with its creditors and in winding up its old affairs.

We see no reason for disturbing the judgment of the circuit court, and it is affimed, with the concurrence of all the judges. Judge THOMPSON files a separate opinion.

Separate opinion by THOMPSON, J.

When this cause was before the court on the former appeal, as I did not agree to the opinion of the court which was rendered, I think it proper to state the grounds on which I concur in the present opinion. I was of opinion that where a person has obtained a judgment against a corporation, and his execution has been returned *nulla bona*, he has such a demand against the estate of a deceased stockholder as may be exhibited to the probate court, and allowed and paid in due course of administration. I can quite well see that this conclusion is not supported by the

letter of any of our statutes with which I am acquainted. The creditor can not have an execution against the estate of a deceased stockholder on motion in the court in which his judgment against the corporation was recovered, because that would conflict with the policy of our administration law, which does not grant executions against executors and administrators, but which requires that demands against the estates of deceased persons be exhibited in the probate court, and there classified and paid, in pursuance of a scheme which secures ratable distribution among creditors in case the estate is insolvent. That was what we held in *Cummings* v. *Wright,* (No. 2221, Mo. App.), and that, as I understand the decision, is all we held. We did not hold that a person having a judgment against a corporation, and an execution returned *nulla bona,* had not such a demand against a deceased stockholder as could be allowed by the probate court.

I differed in opinion from the majority of the court in this: My opinion was that the statute giving an execution against stockholders upon judgment rendered against the corporation is remedial in its nature, and is therefore not to be construed narrowly, but so as to advance the remedy intended by the legislature. The legislature intended to give to every creditor of a corporation, under such circumstances, a speedy and summary mode of collecting his judgment out of the property of any stockholder indebted to to the corporation in respect of his shares. The legislature, I think, did not intend that the creditor should have this remedy if the stockholder were alive, but that if the stockholder should happen to die before the creditor should obtain his execution against him, the right to a direct remedy would be cut off. I think the effect of the statute giving to a judgment creditor under such circumstances the right to an execution against the stockholders of the corporation is to make his judgment, for some purpose, a judgment against the stockholders, and I think that it may,

for the sake of advancing the remedy which the legislature intended to give, be treated as a judgment against a deceased stockholder, and exhibited, allowed and classed as such in the probate court.

That was the ground of my dissent from the former opinion of the court in this case. I adhere to that opinion still; but I concur with so much of the opinion of the court on the present appeal as holds that we can not treat this proceeding as an independent action by a creditor of a dissolved corporation against one of its shareholders under section 745 of the Revised Statutes. I quite agree with the opinion now delivered, that this corporation can not, upon the present record, be treated as a dissolved corporation. The opinion of the majority of the court upon the former appeal established as the law of the case, a rule contrary to that which I thought ought to have been established. It is, nevertheless, my duty to yield obedience to it, and to say that I do not dissent from what further has been decided in the present opinion.