W. T. McGinnis, Respondent, v. R. A. Barnes, Appellant.

St. Louis Court of Appeals, November 23, 1886.

1. Corporations—Stockholders—Right of Action Against.—The creditor of a dissolved corporation has a statutory cause of action against a stockholder, to the extent of the latter's unpaid stock, which accrues when his right to proceed against the corporation accrues.

2. —— Limitations.—The capital stock being a trust fund for the benefit of creditors, a creditor of the corporation may have a subsisting cause of action against a stockholder for unpaid stock, although the corporation be barred by limitation to enforce the liability in a direct proceeding.

Appeal from the St. Louis Circuit Court, W. H. Horner, Judge.

*Affirmed.*

Smith P. Galt, for the appellant: There is no privity of contract between the appellant and the respondent. The appellant owed the respondent nothing. *Donnelly v. Hudson*, 13 Mo. App. 15. The indebtedness of the appellant to the company matured at once upon the company's dissolution, and upon the maturity of the indebtedness, the statute of limitations began to run in the appellant's favor, as to his liability therefor. *Henry v. Railroad*, 17 Ohio, 187; *Hatch v. Dana*, 101 U. S. 205; *Larkin v. Willi*, 12 Mo. App. 138; *Garesche v. Lewis*, 15 Mo. App. 571; *Donnelly v. Hodson*, 13 Mo. App. 15; *Baker v. Bank*, 9 Met. 195.

M. Kinealy and J. R. Kinealy, with R. M. Foster, for the respondent: The statute of limitations began to run from the maturity of the coupons, and not from the dissolution of the corporation. *Lindsay v. Hyatt*, 4

Edw. Ch. 99; *Bank v. Greene,* 17 N. W. Rep. 86; 20 N. W. Rep. 754; Thompson on Stockholders, sect. 290.

Lewis, P. J., delivered the opinion of the court.

The St. Louis County Railroad Company was a duly organized corporation which, in 1877, as the testimony tended to prove, became insolvent and ceased to do business, when all its property was sold. The defendant was, and still is, the owner of ten shares of the capital stock of the company, of the par value of one hundred dollars per share, of which forty-five dollars remains unpaid, on each share. The plaintiff is owner of six interest coupons of thirty-five dollars each, issued by the company, which were due and payable, respectively, on October 1, 1880, April 1, 1881, October 1, 1880, April 1, 1880, October 1, 1879, and April 1, 1876. This suit was commenced before a justice of the peace on June 3, 1885, to hold the defendant liable, under Revised Statutes, section 745, as a holder of unpaid stock, for the debt of a dissolved corporation. On the defendant's appeal, the plaintiff obtained a judgment in the circuit court for $139.02.

The defence was limitation, and the only question in the case is, whether the statute began to run at the time when the corporation was dissolved, or at the time when the coupons became due and collectible. In the first alternative, the judgment should be for the defendant; in the second, for the plaintiff.

It is, of course, well understood that the dissolution of a corporation does not imply its lapse into nonentity for every purpose. Means are always provided, or capable of being provided, under the law, for the compulsory collection of its dues in liquidation. There is generally little or no uncertainty about the time when the statute of limitations begins to run, because our statute places it, in all cases of contract, at the date when the right of action accrues. The difficulty in the present case arises from the fact that two separate rights of action upon the same demand against the defendant have accrued at dif-

ferent times. The right of action upon his unpaid stock account accrued in favor of the corporation at the time of its dissolution. The right of action created by statute in favor of the plaintiff, on the same unpaid stock account, did not accrue until the coupons became payable. We must determine which of these two events shall control the status of the present action. The plaintiff claims that the only test is as to the time when the right of action accrued *in his favor*. The defendant insists that the true test is, as to the time when the right of action accrues *against him*.

A natural inquiry here may be, *for whom* are statutes of limitation enacted? One answer is: For the *public*—having in view the maxim: "*Interest Reipublicae ut sit finis litium.*" But this answer furnishes little light for our inquiry, since the plaintiffs and the defendants are supposed to be alike interested in the public welfare. On several grounds, however, it may be said that, as between the parties to an action, the statute has the *plaintiff* and his status for its special objects. It operates a restraint upon him, forbidding him to exercise the common right of demanding legal redress, after a certain length of time has passed. The justice of the statute is defended on the ground that the plaintiff by making no demand during a long lapse of time, has virtually admitted his consciousness that he had not a just claim against the defendant. When the statute operates, it destroys in the plaintiff's hands an inchoate value which, by earlier action, he might have made consummate. The argument to be drawn from these and similar considerations is, that the effect of the statute is to be dated from the time when it fastens upon the plaintiff and his rights, in a given case. And, as we find that, as to some of the coupons sued on, the plaintiff's right of action had not accrued five years before the institution of the present suit, by reason of their non-maturity, the restraining influence of the statute can not be brought

to bear upon him, and he is, therefore, entitled to his remedy.

On the other hand, something may be said in favor of a different view of the statute and its objects. English and American courts have never ceased to declare that statutes of limitations are statutes of *repose*. Repose for whom? Certainly not for the plaintiff in a case. For, if the statute there operates at all, it effects his serious discomfiture. It is the defendant who finds the repose, in the release from the plaintiff's pursuit. The statute creates a *defence*, and for whom can that be provided but for the defendant? For the debtor who has paid and discharged his obligation, but who, by the loss of his receipt, or the death of a witness, is deprived of all proof of the fact, the statute fixes a day when he may feel himself forever free from the demand, notwithstanding his loss of the proofs, which were his sole dependence for its defeat. The defendant may claim, too, an identity of interest in the statute with that of the public, since he is peculiarly benefitted by the "end of litigation."

It thus appears that much may be said on either side of the question, as it is presented by learned counsel in their briefs. But there is another consideration, wholly apart from all these views, which, as we think, must control the determination of this cause. If there were no joint stock corporation in the case, the weight of the argument might be in favor of the defendant. But it is not now questioned anywhere, that the capital stock of a corporation is a trust fund for the benefit of the corporation's creditors. When any part of the stock remains unpaid for in a stockholder's hands, he is the trustee, holding for the objects of the trust so much of the fund. When a person subscribes for stock and leaves the whole or a part unpaid, he takes upon himself, to that extent, a trusteeship which brings him in privity with the creditors, present or future, of the corporation, until all their claims are satisfied, or until he has discharged his obli-

gation for the stock unpaid. Hence, we are bound to consider the statute of limitations as it affects the relations between the stockholder and the creditor, and not as it affects the relations between the stockholder and the corporation. In the former relations, the statute has no bearing on the rights of the creditor, until a right of action accrues upon his demand, which event, in this case, occurred at the dates, respectively, of the maturing of his coupons in suit. Three of the coupons sued on had matured within five years before the commencement of the suit, and the judgment of the circuit court appears to have been rendered on that basis.

With the concurrence of all the judges, the judgment is affirmed.