W. T. McGINNIS, Respondent, v. E. H. KORTKAMP,
Appellant.

St. Louis Court of Appeals, January 18, 1887.

1. STOCKHOLDERS—RIGHT OF ACTION AGAINST.—The statutory cause
of action of a creditor of a dissolved corporation against a stock-
holder, to the extent of the latter's unpaid stock, accrues when his
cause of action against the corporation accrues.

2. ———— LIMITATIONS.—The creditor's action against the stockholder
may be brought at any time within five years after the maturity of
the debt, though more than five years after the dissolution of the
corporation.

3. ———— CONDITIONAL SUBSCRIPTION.—A conditional subscription is
one where the happening of the condition must precede the liabil-
ity to pay, not one where it is necessarily subsequent to the pay-
ment of the subscription.

APPEAL from the St. Louis Circuit Court, AMOS M.
THAYER, Judge.

*Affirmed.*

WILLIAM F. BROADHEAD and JAMES A. HENDER-
SON, for the appellant: "Where a subscription, on its

face, is made conditional on the doing of a certain act by the corporation, unless the condition is performed there is no contract, and the subscriber can not be held to the liability of a shareholder." Thompson on the Liability of Stockholders, sect. 116; 5 Wait's Actions and Defences, 275, 276, 277, and cases cited; Abbot's Dig. Law of Corp., sects. 76, 77, 78, 79, 80, pp. 791, 792, 793, and cases cited; Angell & Ames on Corp., sect. 519, and note 2; *Ib.* (10 Ed.) sect. 542; *Railroad v. Stein*, 21 Ill. 96; *Railroad v. Winkler*, 29 Mo. 318. Not being liable to the company, this stockholder can not be held by its creditors. *Jarman v. Benton*, 79 Mo. 161; *Ennis v. Hogan*, 47 Mo. 513; *Weber v. Leighton*, 8 Mo. App. 502; *Larkin v. Willi*, 12 Mo. App. 135; *Burgess v. Seligman*, 107 U. S. 20. The statute of limitations of five years, running from the date of the dissolution of the corporation in 1877, when defendant's liability on his unpaid stock accrued, bars this action. *Moore v. Whitcombe*, 48 Mo. 543; *State Savings Ass'n v. Kellogg*, 52 Mo. 583. In *Terry v. Anderson* (95 U. S.), held, "that the liability of the stockholders to the creditor upon their unpaid subscriptions, is that of *debtors to the bank*," citing *Ogelvie v. Ins. Co.*, 22 How. 380. Also, see *Donelly case*, 13 Mo. App. 15. In *M'f'g Co. v. Bank* (6 Rich. Eq. 227), held that, though a creditor of a defaulting company may be subrogated to its rights as against a defaulting stockholder, yet the statute of limitations *will bar his claim whenever it would that of the company.* See also *Baker v. Bank*, 9 Metcalf, 197; *Terry v. Tubman*, 92 U. S. 156; *Ib.* 509 (*Carroll et al., v. Green et. al.; Hatch v. Dana*, 101 U. S. 205; *Dawson v. Rankin*, 34 Cal. 503; *Young v. Rosenbaum*, 39 Cal. 646. The claim of the *creditors* of a dissolved corporation *against its stockholders, matures on the dissolution* of the corporation." *Garesché v. Lewis' Adm'r*, 15 Mo. App. 565; *Green v. Dorsheimer et al.*, 23 Fed. Rep. 695.

M. Kinealy and J. R. Kinealy, with R. M. Foster, for the respondent : The statute of limitations began to run from the maturity of the debt, and not from the dissolution of the corporation. *McGinnis v. Barnes*, 23 Mo. App. 413 ; *Lindsay v. Hyatt*, 4 Edw. Ch. 99 ; *Bank v. Green*, 17 N. W. Rep. 86 ; 20 N. W. Rep. 754 ; Thompson on Stockholders, sect. 290.

Lewis, P. J., delivered the opinion of the court.

The plaintiff is the holder of six coupons issued by the St. Louis County Railroad Company, a corporation whose property was sold when it became insolvent and ceased to do business, in June, 1877. This suit was commenced before a justice of the peace, on June 3, 1885. The coupons were for thirty-five dollars each, and only one of them matured and became payable within five years before the commencement of the suit. Judgment was rendered for the plaintiff on this coupon in the circuit court, on appeal.

The defendant sets up the statute of limitations, and claims that this began to run in his favor from the dissolution of the corporation. The plaintiff holds that it began to run, as to the present proceeding, at the maturity of the coupons. The question thus raised was fully considered by us in *McGinnis v. Barnes* (23 Mo. App. 413), in our present term. Our conclusion was, that the statute began to run from the maturing of the coupons, as the plaintiff here claims, and we find nothing in the elaborate argument for the present appellant, or elsewhere, which indicates that our conclusion was wrong. We re-affirm the views there expressed.

The defendant contends that his subscription for stock in the corporation, as to which he is charged as the holder of ten shares of the par value of one hundred dollars per share, upon which he has paid the sum of forty-five dollars per share, was conditional; and that, by reason of failure of the conditions on the part of the

corporation, he has become released from all liability as a stockholder. The heading of the subscription recites that each signer subscribes to the capital stock of the corporation for the number of shares set opposite his name, and agrees "to pay to John McKnight, as a trustee, five per cent. thereof forthwith, and the remainder in installments upon calls to be made by the board of directors of said company, as the work of construction progresses upon the said located route. With the understanding that the said trustee shall pay to the said company the funds so received from us, upon certificates of the chief engineer, as follows: Five per cent. of the whole amount thereof for the surveys and engineering expenses; fifty per cent. for the grading and earth-work, as it progresses; ten per cent. for the ties, as delivered, and thirty-five per cent. for the iron rails, as delivered. Provided, however, and it is expressly understood and agreed, that unless forty thousand dollars is *bona fide* subscribed hereto, that these presents are null and void."

It was admitted at the trial that the condition for a subscription of forty thousand dollars had been fulfilled. The defendant contends, however, that he was entitled to show (which the court disallowed), that no ties or rails were ever delivered or laid; holding that these failures constituted a breach of the conditions of his subscription, whereby he is released from the obligations of a stockholder. This contention can not be sustained. The only condition upon which the binding force of the subscription depended, was that with reference to an aggregate subscription of forty thousand dollars. The other terms in the instrument related only to matters of internal economy in the management of the funds by the trustee, after the money from the stockholders had been actually paid into his hands. The propriety of such management was purely a subject of accountability between him and the stockholders, and had nothing to do with the finality of their positions as stockholders. If

the defendant's position were correct, it would follow that every stock subscriber might lawfully refuse to pay a single dollar, after the first five per cent., until the ties and rails were actually delivered and laid. This condition would naturally be impossible of performance, and would defeat the very objects of the stock subscriptions, and of the formation of the corporation. At the same time, the capital stock, upon which creditors are invited to depend, upon giving credit to the company, would be, for all purposes and all time, a nonentity. The defendant, by his subscription shown in evidence, became a stockholder of the corporation, to all intents and purposes, upon the fulfillment of the single condition, that the whole sum of forty thousand dollars should be subscribed. *McDermott v. Donegan*, 44 Mo. 85; *North Mo. Railroad v. Winkler*, 29 Mo. 318.

The judgment of the circuit court was right, and is, therefore, affirmed, with the concurrence of all the judges.