John C. M. Kehlor, Plaintiff in Error, *v*. Otto C. Lade- mann, Defendant in Error.

**March 14, 1882.**

1. For the sake of the remedy against the stockholders and in favor of creditors a virtual surrender of the corporate rights and a dissolution of the cor- poration may be presumed from a transfer of all the corporate assets, and from other circumstances which would not ordinarily create a disso- lution *per se*.

2. Under the statute, creditors may, in such cases, bring their suits against any persons who were stockholders at the time of the dissolution of the corporation.

3. Stock issued by a corporation to a creditor in satisfaction of a debt due, is paid-up stock, and such stockholder is not liable to a creditor of the corporation as upon unpaid stock.

4. Where stock is issued for a sum less than the par value thereof, a creditor of the corporation may recover the difference from the stockholder.

Error to the St. Louis Circuit Court, Boyle, J.

*Reversed and judgment.*

G. M. Stewart and Paul Bakewell, for the plaintiff in error: The capital stock of a corporation is a trust-fund for the benefit of its creditors, and it must consist in money, or money's worth, paid in at the time the stock is issued to shareholders, thereby enchancing the creditor's security; or if the price be not paid, the purchaser's indebtedness may be looked to for the like effect. — *Chouteau* v. *Dean*, 7 Mo. App. 210 ; *Wight & Co.* v. *Steinkemeyer*, 6 Mo. App. 575 ; *Upton* v. *Tribelcock*, 91 U. S. 45 ; *Sawyer* v.

*Hoag*, 17 Wall. 610 ; *Ogelvie v. Knox Ins. Co.*, 22 How. 380 ; *Union National Bank* v. *Douglas*, 1 McCrary, 90.

WALKER & WALKER, for the defendant in error : The stock was full paid, and the stockholder was not, therefore, liable to a creditor of the corporation. — *Phelan* v. *Hazard*, 5 Dill. 45. An assignment by a corporation for the benefit of its creditors does not, *per se*, accomplish a dissolution. — *Kansas, etc., Co.* v. *Sauer*, 65 Mo. 279 ; *State Bank* v. *Robidoux*, 57 Mo. 446 ; *Hill* v. *Fogg*, 41 Mo. 563.

LEWIS, P. J., delivered the opinion of the court.

This is a direct proceeding by the creditor of a corporation to recover against a stockholder an amount alleged to be due and unpaid upon his stock, in satisfaction of the plaintiff's claim against the corporation. The cause was heard below upon the following agreed statement of facts : —

" 1. On the thirtieth day of December, 1879, the Joseph Uhrig Brewing Company, a corporation of Missouri, made an assignment under the laws of this state to Lucien Eaton, assignee, for the benefit of its creditors, of all the property and effects of the corporation, by deed of that date, recorded in book 626, at page 36, in the office of the recorder of deeds of the city of St. Louis.

" 2. That at that date defendant was the owner of three hundred and forty shares of stock of said corporation, of the par value of one hundred dollars each, which was then pledged as hereinafter described.

" 3. That there has been paid on account of the indebtedness of said corporation twenty-seven and one-half (27½) cents on the dollar, and no more, and there are no other assets to be distributed.

" 4. That the capital stock of said corporation was $300,000.

" That said Joseph Uhrig Brewing Company owed the plaintiff the amount called for by the notes described in

the petition at the date of the assignment aforesaid, on account of which he has received twenty-seven and one-half (27½) cents on the dollar.

" That on the twenty-fourth day of May, 1876, Otto C. Lademann and August Uhrig and Josephine Lademann conveyed to the Joseph Uhrig Brewing Company, by deed recorded in book 544, at page 410, St. Louis City Records, for the consideration of $200,000, certain real estate therein described ; and, on same date, Joseph Uhrig & Co. conveyed to said brewing company, for the consideration of $100,000, and other agreements, certain personal property described in bill of sale offered in evidence.

" That one of the other agreements in said bill of sale described was that the Joseph Uhrig Brewing Company would pay and discharge all the debts and liabilities, of whatever nature, of said firm of Joseph Uhrig & Co., and of the estate of Joseph Uhrig, deceased.

" That the property so conveyed was the Uhrig Brewery, the Uhrig Cave property, and the personalty appertaining to both.

" That on said 24th of May, 1876, said Joseph Uhrig & Co. was indebted to defendant Lademann in the sum of $33,955.45.

" That in satisfaction of said indebtedness of $33,955.45, said Joseph Uhrig Brewing Company issued and delivered to said defendant Lademann three hundred and forty shares of stock (each of the par value of $100) of said corporation, which three hundred and forty shares were accepted by said Lademann in satisfaction of said indebtedness ; and thereupon, his name was entered as a stockholder in the books of said company, to the amount of said three hundred and forty shares.

" That on or about September 17, 1879, said defendant Lademann pledged with H. A. Haeussler, assignee of the United States Savings Institution, to secure a debt due by said Brewing Company to said United States Savings Insti-

tution, the said three hundred and forty shares of stock so held by him; that default being made by said Brewing Company in payment of said debt, said assignee, by virtue of the terms of said pledge, sold said shares of stock, on or prior to the twenty-fourth day of April, 1880 (and prior to the date on which defendant Lademann was made a party to this suit), said assignee becoming the purchaser of said shares of stock, and on said twenty-fourth day of April, 1880, said shares of stock were transferred on the books of the company to said assignee Haeussler."

The court, sitting as a jury, found for the defendant, and entered judgment accordingly.

It is claimed for the defendant, that he cannot, in any view of other considerations, be held responsible, because, before the institution of this suit, he had ceased to be a stockholder by virtue of his pledge to assignee Haeussler, and the sale and transfer made thereupon. But this fact is immaterial. The courts of this state, following *Slee* v. *Bloom* (19 Johns. 456), and other high authorities, consider that, for the sake of the remedy against the individual members, and in favor of creditors, a virtual surrender of the corporate rights and a dissolution of the corporation may be presumed from a transfer of all its assets, and other circumstances which would not ordinarily create a dissolution *per se*. Under our statute, creditors may bring their suits in such cases, "against any person or persons who were stockholders at the time of such dissolution." Rev. Stats., sect. 745. The assignment by the corporation occurred before the defendant's pledge of his stock.

We cannot agree with the plaintiff in his assumption that, because the indebtedness for which the stock was issued to Lademann was an indebtedness of the co-partnership existing before the corporation, and not of the corporation itself, therefore there was no actual payment for the stock, and the stockholder must be held liable for the whole amount as for unpaid stock. The legal transaction between the co-

partnership and the corporation was not merely a change of name from the one to the other. If it were such, however, and the two bodies remained identical, then the indebtedness of the co-partnership would be the indebtedness of the corporation, and a discharge of that indebtedness would operate, so far, as a payment for the stock. But the two bodies were, in fact, separate, and independent of each other as contracting parties. The corporation purchased and took from the co-partnership certain valuable real and personal property. Part of the consideration or purchase-money paid consisted in an assumption by the corporation of all the debts owing by the co-partnership. This transaction is not in any wise impeached for fraud or unfairness, and, for the purposes of this case, it must be considered that the whole consideration thus agreed upon and paid was but a fair equivalent for the property purchased. The debt to Lademann thus became a debt due from the corporation. A discharge of that debt was a pecuniary benefit realized by the corporation, as fully as if a like amount in money had been paid into its treasury. The stock issued to Lademann for that discharge was already paid for, in so much of the property received from the co-partnership as was represented by the indebtedness assumed and cancelled. The case of *Phelan* v. *Hazard* (5 Dill. 45) was very similar to the present in its leading features, and was treated by Judge Dillon upon the principles here maintained. We consider it beyond question, that the defendant's stock was paid for, to the extent, at least, of the debt due to him, and released in consideration of the stock issued to him.

The value of each share of stock in a corporation is fixed by the law of its creation. As a trust-fund to be held for the security of creditors, this value cannot, by any act of the corporators, be intentionally diminished in the least degree. Thus, in *Chouteau* v. *Dean* (7 Mo. App. 210), this court held that a corporation could not, as against

creditors, by assuming the market, instead of the par value of its stock, issue shares representing $10,000, in payment of an indebtedness of $2,500. Between the corporation and the stockholder, the contract may be effectual. But creditors have a right to claim that, for every share issued to him, the stockholder shall render to the assets its par equivalent, in money or property, or shall be responsible to the creditors, in certain contingencies, for whatever may be lacking to make up such equivalent. Where property is taken for the stock, it must be at a fair valuation. Where money is taken, or its equivalent, in the discharge of a debt, it must be, on the basis of dollar for dollar. *Chouteau* v. *Dean, supra*. The transaction in the present case was, in effect, an issue of three hundred and forty shares of the par value of $34,000, for the sum, paid by the stockholder, of $33,955.45. The creditor is authorized to claim, in this proceeding, that a balance of $44.55 is yet due and unpaid. The judgment will, therefore, be reversed, and a final judgment will be entered here in favor of the plaintiff, for $44.55. The other judges concur.