Clark v. Edgar.

## CLARK v. EDGAR et al., *Plaintiffs in Error*.

1. **Fraud:** DIRECTORS OF CORPORATION ISSUING BONDS FALSELY PURPORTING TO BE FIRST MORTGAGE BONDS. Directors of a corporation are liable to one suffering from the deception, where they knowingly issue its bonds falsely purporting to be "first mortgage bonds," and place them in the hands of an agent, and the latter sells them to a purchaser who is ignorant of the fact that they are not first mortgage bonds, and is deceived by the indorsement thereon to that effect.

2. **Title to Land:** FRAUDULENT MISREPRESENTATION. Fraudulent misrepresentations in respect to the title to land will entitle the injured party to relief. But the misrepresentation must be as to something material, unknown to the injured party, relied upon by him and such as to induce him to refrain from an examination of the records when accessible.

3. **Representations as to Credit of Another.** Where written representations as to the credit of another are the substantive inducements to the action of the party injured, recovery can be had by the

latter, although he may also have placed some reliance on oral assurances.

4. **Where,** in an action for false representations as to the credit of another, although the petition charges both oral and written representations to have been made by the defendant, a demurrer to the petition should not be sustained, if, as in this case, it states a good cause of action as to the written assurances.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*W. F. Boyle* and *F. A. Cline* for plaintiffs in error.

(1) Neither the indorsement on the bonds nor the alleged verbal statements of the agent are such misrepresentations as will support the action for deceit. The bond proper contained no statement in regard to whether the deed of trust executed to secure its payment was a first mortgage. It was silent on the subject. And if the defendant in error believed that no other or prior incumbrance existed on the property, he derived this belief solely from the inference he drew from the words "first mortgage bond" on the back of the bond and entirely disconnected from its value. This was a mere endorsement or memorandum and no prudent person would have relied on it. (2) The petition avers that the prior deed of trust was duly recorded, hence defendant in error could have discovered the falsity of the representation by simply referring to the title records. Where the misrepresentation is upon a fact equally open to the inquiries of both parties, and in regard to which neither could be presumed to trust the other, equity will not interfere. Cooley on Torts, p. 487; *Wannell v. Kem,* 57 Mo. 492. The only exception to the rule just stated is where some deceit is practiced for the purpose of putting the party claiming to be deceived off his guard, or where the latter reposed special confidence in the former. *Dunn v. While,* 63 Mo. 186; *Bailey v. Smock,* 61 Mo. 217; *Langdon v. Green,* 49 Mo. 363; *Bryan v. Hitchcock,* 43 Mo. 527. (3) The verbal representations alleged to have been made are

within the statute of frauds. R. S., sec. 2515; *McKinney v. Whiting*, 8 Allen 208; *Wells v. Prince*, 15 Gray 562; *Kimball v. Comstock*, 14 Gray 510; Browne on Stat. of Frauds. sec. 184; *Swann v. Phillips*, 8 Ad. & El. 457; *Walther v. Menell*, 6 Mo. App. 370.

*Crews & Booth* for defendant in error.

If the representations charged in this case were calculated to deceive, and did, in fact, deceive, it matters not that they are susceptible of a construction which may be literally true; they are only the more dangerous for that reason. But whether they were made with the intent that they should be understood in the sense which induced plaintiff to act, is a question of fact to be found by the court or jury. See *Clark v. Dickson*, C. P., 5 Jurist (N. S.) 1029; 1 Smith's Lead. Cases, 7 Amer. Ed., part 1, top page 353; Kerr on Fraud and Mistake, 92, 93, 94, 95. It is immaterial that the defendants did not personally go to plaintiff and make said fraudulent representations. *Ibid*, Vol. 1, part 1, top p. 301, side p. 240; *City Bank of Columbus v. Phillips*, 22 Mo. 85. Plaintiff, having believed, and relied upon the truth of the representations of defendants' agents, and, by reason thereof, bought the bonds, without notice of their falsity, defendants are clearly liable for any damage he has thereby sustained. Story's Eq. Jur., sec. 191; *Wannell v. Kem*, 57 Mo. 478; *Dulaney v. Rogers*, 64 Mo. 201; *Brownlee v. Hewitt*, 1 Mo. App. 360. This action is properly brought against the defendant, and not against the corporation. Green's Brice's Ultra Vires, pp. 252, 253, 255, and the notes on pp. 250, 251, and 636 (1st Am. Ed).

BLACK, J.—There was a judgment on demurrer to the second amended petition in this cause, in the circuit court, which was reversed in the court of appeals, and the cause is here on error to that court. The substantial averments of the petition are: that defendants were directors and officers of a corporation known as the "Martin-

dale Zinc Company;" that in November, 1873, the corporation gave to Hill its note for $15,000, with twenty interest notes for three hundred dollars each, and secured the same by a deed of trust on the lands, machinery, etc., of said company, which was then duly recorded; that in 1875 the defendants, as directors, to raise money for the corporation, and to adjust and secure debts owing by it to some of the defendants for advances, and to settle debts of the company, on which defendants were liable as endorsers, etc., executed and used the bonds of the corporation, payable to one James as bearer, for $1,000 each with interest coupons attached, and secured the same by a deed of trust on the same property mentioned in the former deed of trust, but without making any mention of the former incumbrance; that the defendants caused to be printed in conspicuous letters and figures on each bond the following endorsement :

"First Mortgage Bonds.

"$1,000.

"Martindale Zinc Company.

"Interest ten per cent.    Interest and principal payable in St. Louis on the first day of January and July."

That defendants, as directors of the company, in March, 1875, placed five of said bonds in the hands of an agent for sale; that defendants in so causing the bonds to be executed with the recitals contained therein and the endorsement thereon, represented to plaintiff that the deed of trust, executed to secure the bonds, was the first lien upon the property conveyed; that the defendants caused the agent having the bonds for sale to, and he did, to induce plaintiff to purchase the bonds, untruly represent to plaintiff that the corporation was solvent and doing a prosperous business; and that the bonds were issued to save money, to extend and enlarge its business; that plaintiff had no knowledge of the existence of the prior deed of trust, and believing and relying upon all of the said representations, purchased the five bonds and paid therefor $5,000. The petition then alleges that these

verbal representations were false; that the company was not solvent; and that defendants knew them to be false, and knew that the endorsement on the bonds, to the effect that they were first mortgage bonds, was false, and that the property was subject to the prior deed of trust; that the interest coupons were paid to January, 1879; and that he then first learned of the fraud and deception; that the property was sold under the first deed of trust in October, 1878, and in 1879 the corporation suspended business, and has no property whatever, and that the bonds and remaining coupons remain unpaid.

1.    The first specific ground of the demurrer is : "No representations are averred to have been made by the defendants, or either of them, such as did or should have induced plaintiff to purchase his said bonds, or which did or should have deceived him in relation to the existence of said prior mortgage." That the representations set out in the petition did induce the plaintiff to purchase the bonds, and that those representations did deceive him in relation to the prior mortgage is clearly asserted and presents definite issues of fact, and the contrary cannot be averred by demurrer.    Before we can say, as a matter of law, in the face of what is alleged in the petition, that these representations should not have induced him to make the purchase and should not have deceived him, it should clearly appear from the other facts stated, that these alleged results could not fairly follow.    Now, in a very technical sense, these bonds were first mortgage bonds, but they were secured by a deed of trust, recited on the face of the bonds, and each bore the endorsement, "First Mortgage Bonds."    A natural and reasonable meaning of all this, is that these bonds were secured by the first lien on the property, by way of deed of trust or like security.    When bonds of this character are put upon the market for sale, it is not at all unreasonable to believe that those who bought would look upon this statement thereon as an assertion that they were secured by the first lien upon the property; nor are we prepared to

say that such an assertion is one to be taken under all circumstances as mere matter of praise and commendation of the security so offered for sale. Of course, it may appear on trial that the plaintiff did not rely upon this statement and that it did not deceive him, but this the court cannot affirm from the petition, admitted as it is.

Nor can it be announced as a correct proposition of law, that because an examination of the records would have disclosed the true state of the property, as respects this prior incumbrance, he had no right to rely upon these alleged representations. The fact that this information was at hand and could have been ascertained by an inspection of the records is entitled to its weight, in determining whether the representations were such as would impose upon one of ordinary prudence, but it does not constitute a full answer to the charges made in the petition. Fraudulent representations in respect to title to land will entitle the injured party to relief. *Holland v. Anderson*, 38 Mo. 55 ; *Langdon v. Green*, 49 Mo. 363 ; *Bailey v. Smock*, 61 Mo. 213. But the misrepresentation must be as to something material, unknown to the injured party, relied upon by him, and such as to induce him to refrain from an examination of the records, when accessible.

2. A further objection is that the representations were not made in writing, subscribed by the defendants, or any one authorized so to do by them. This objection is based upon section 2515, Revised Statutes, which differs in no material respect, so far as this case is concerned, from that of 9 Geo. 4, chap. 14, sec. 6. This statute is regarded as a supplement to the statute of frauds, and has been adopted by a portion only of the states of this union. The statute is : "No action shall be brought to charge any person upon, or by reason of any representation or assurance made concerning the character, conduct, credit, ability, trade, or dealings of any other person, unless such representation or assurance be made in writing, and subscribed by the party to be charged thereby, or by some

person thereunto by him lawfully authorized." It was considered in *McKinney v. Whiting*, 8 Allen 208; *Wells v. Prince*, 15 Gray 562; *Kimball v. Comstock*, 14 Gray 510; see, also, *Devaux v. Steinkeller*, 3 Jur. 1053. We are not to go beyond the express terms of the statute in its application. *Medbury v. Watson*, 6 Met. 246; *Norton v. Huxley*, 13 Gray 285. If written representations are the substantial inducements, recovery can be had, although some reliance may be placed upon oral assurances. *Tatton v. Wade*, 18 C. B. 371. Here the oral representations, if otherwise within the statute, are merely incidental or stated in furtherance of the main ground of the complaint, and come within the reason of the rule asserted in *Tatton v. Wade*. But if we strike out so much of these verbal representations as can, in any event, be said to be assurances concerning the credit, etc., of another, still there is a good cause of action left and for that reason, also, the demurrer ought not to be sustained.

The judgment of the court of appeals is affirmed. All concur.