43 283
67 482

## BRIDGET CONNELLY, Respondent, v. THE SHAMROCK BENEVOLENT SOCIETY, Appellant.

### St. Louis Court of Appeals, January 13, 1891.

1. **Benefit Societies**: CONSTRUCTION OF BY-LAWS WORKING A FORFEITURE. By-laws working a forfeiture of membership in an association are not favored, and should be construed so as to avoid the forfeiture, if the language employed, considered in connection with other by-laws, will admit of such a construction.

2. **Practice, Appellate**: ASSIGNMENT OF ERRORS NOT CALLED TO THE ATTENTION OF THE TRIAL COURT. This court will not consider the assignment of an alleged error, which has not been called to the attention of the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*A. R. Taylor*, for appellant.

*Phillips, Stewart, Cunningham & Eliot*, for respondent.

BIGGS, J.—The defendant is a benevolent society incorporated under the laws of this state. The plaintiff is the widow of Dennis Connelly. Connelly died on the eighth day of July, 1888, and, at the time of his death, he was and had been for twenty years a member of the society. The defendant's constitution and by-laws provide for the payment of two kinds of benefits; one denominated sick benefits, which are to be paid to members during periods of illness; the other mortality benefits, which are to be paid to the widow, orphans, etc., of deceased members. The plaintiff sues in this action to recover from the defendant the sum of

$300, which she claims is due her as a mortality benefit. The defendant resisted the action and denied liability on the ground, that the deceased, at the time of his death, was not "a member in good standing on the books of the society."

It was conceded that Connelly had for many years been a member of the order, and it was also admitted that for five months previous to the first day of July, 1888, he had failed to pay his monthly dues. On that day he sent to the proper officers of the society the amount for which he was delinquent, and receipts for the same were returned to him on the same day. Article eleven ( 11 ) of the defendant's constitution entitled, "Mortality benefits," reads as follows : "Thirty days after the death of a full member, who is in good standing on the books of the society, $300 shall be paid to his heirs mentioned in this article, less the amount advanced for funeral expenses ; first his wife," etc. The plaintiff's claim is founded on this article. Article four ( 4 ) of the defendant's by-laws reads : "Any member, who is in arrears for property, dues or fines, for the space of three months, shall not be entitled to *any benefits* given by this society, but such member may, at a regular meeting of the society, within three months thereafter, pay up his indebtedness, provided he is in good health, and be restored to membership, but shall not be entitled *to benefits for one month thereafter*." * * * The evidence tended to prove that, at the time Connelly paid his delinquent dues, he was not in good health ; but whether the defendant's officers knew that fact, and by accepting the money intended to waive it, or whether the money was received upon condition that Connelly was in good health, there was a conflict in the evidence. The court submitted these questions to the jury under proper instructions, and the finding was for the plaintiff.

It will be observed that by-law four ( 4 ) provides that, when a member has been delinquent for three

months and he is restored to membership by paying his past dues, he *shall not be entitled to benefits for one month thereafter.* The circuit court held that the word benefits, referred to "sick benefits," and not to "mortality benefits." Whether the construction placed on the by-law by the trial judge was correct, or not, is the only question which we need consider. The appellant's position is that this paragraph of the by-law has reference to all benefits, and that, as the fact was undisputed that Connelly died within eight days after the payment of his dues, he was not at the date of his death a member in good standing within the meaning of article eleven (11) of the defendant's constitution. If this is a correct interpretation of the by-law and article 11 of the constitution, the judgment in this case cannot stand.

If the defendant's theory is adopted, it will work a forfeiture. This the law does not favor. Upon well-established principles of construction we are authorized to adopt an interpretation that will avoid such a result, provided the language employed in the by-law, when considered in connection with other portions of the same by-law, or by-laws, will admit of it. It is quite clear that when a member is in arrears for three months, he forfeits all rights to benefits of *any* kind; but the latter portion of the by-law reads that such member by making payment shall be "restored to membership, but shall not be entitled to *benefits* for one month thereafter." It will be observed that the word, "benefits," is used in the latter paragraph, whereas the words, "any benefits," are used in reference to the penalty attending a three months' delinquency. It will also be observed that the by-law provides that the delinquent member, upon the payment of his indebtedness, shall be "restored to membership." Now, under the defendant's construction, the words last quoted would be without meaning, because, if the delinquent member is to receive no benefits of any kind until one month after he

makes the payment, he would in no sense of the word be restored to membership until the expiration of that time. If the framers of the by-law had intended to postpone the restoration of a delinquent to any of the beneficial rights of membership until after the expiration of one month, they could have made their meaning quite clear by inserting in the by-law, that no delinquent shall be restored to membership for one month after he ceases to be delinquent. In order to give meaning to all portions of the by-law, we are compelled to hold that the word, benefits, in the last clause of the by-law, refers to sick benefits and not to mortality benefits. This interpretation is in harmony with article 11 of the constitution, which provides that thirty days after the death of a member the sum of $300 shall be paid to his widow, provided he "is in good standing on the books of the society." When the defendant's officers received and receipted for Connelly's past dues, and entered the amount to his credit, he was certainly a member in good standing so far as the books of the society were concerned.

The appellant asked, and the court refused, an instruction to the effect, that, if the officers of the society were induced to accept the past-due assessments from the deceased through his fraudulent representations or concealments as to the true condition of his health at that time, then the plaintiff cannot recover. The defendant assigns this for error. We cannot notice this assignment for the reason that the attention of the court was not called to the alleged error in the motion for a new trial.

We are satisfied that the view of the trial judge was the correct one. We will, therefore, affirm the judgment. All the judges concur.