THE FARMERS BANK OF FRANKFORT, INDIANA, Respondent, v. JOHN H. GALLAHER, Appellant.

Kansas City Court of Appeals, December 1, 1890, and February 2, 1891.

1. **Corporations:** PETITION : LAW OR EQUITY. The allegations of a petition set out in the statement are *held* clearly to come under section 745, Revised Statutes, 1889, and the proceeding is not a suit in equity, but an action at law.

2. ——— : ——— : PLEADING. The allegations of fraud in such petition, though unnecessary, do not destroy the material portions, which are that the plaintiff is an unsatisfied creditor of the defunct corporation, and that the defendant at the dissolution thereof was the holder of stock therein not fully paid up.

3. ——— : STOCK SUBSCRIPTION : CREDITORS. The unpaid stock subscriptions belong to the creditors of the dissolved corporation to the extent of their claims against it.

4. ——— : DISSOLUTION : CREDITORS. The dissolution of a corporation will be presumed in favor of the creditors, when it is shown that it has practically surrendered its corporate rights, has ceased to do business and has transferred all of its assets.

ON MOTION FOR REHEARING.

5. **Practice, Trial and Appellate :** WAIVER : NO OBJECTION. Where appellant has all the time treated a proceeding as an action at law in the trial court, and in his motions for a new trial and in

arrest has made no objection to the form or manner of trial, he cannot complain in the appellate court that the proceeding was a suit in equity and should have been so treated in the trial court.

6. **Appellate Practice:** NO OBJECTION. Where no objection is made in the trial court, none can be made in the appellate court.

7. **Corporations:** UNPAID STOCK: CREDITORS: FRAUD. Shares of stock issued by a corporation to its stockholders at less than its par value—whether for cash or for labor, materials or other property—are, in this state, *held* to be chargeable by the corporation's creditors for the difference between the cash paid or labor or materials furnished, and the said par value; and the stockholder is *held* liable for the balance regardless of the question of actual fraud.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

Statement of the case by the court.

The plaintiff is a corporation organized under the laws of the state of Indiana. On the eighteenth day of September, 1889, it filed a petition against the defendant in the circuit court of Johnson county, alleging that on the —— day of August, 1886, the defendant, together with one O. L. Garrison and one W. T. Robertson, organized a corporation known as the Montserrat Terra Cotta Company, under the statute in regard to manufacturing and business companies, with a capital stock of $25,000, divided into two hundred and fifty shares of $100 each; that defendant was a subscriber for two hundred and forty-eight shares of the stock and Garrison and Robertson each for one share; that upon the organization of the corporation defendant conveyed to it certain real estate described in the petition by deed, which expressed upon its face to be for a consideration of $24,800, and was in fact made to said corporation as in full payment of defendant's stock; that certificates of stock were duly issued to defendant as fully paid up in consideration therefor; and that the

stock had been ever since and still was owned by defendant; that the consideration in the conveyance was grossly in excess of the real value of the real estate conveyed, the real estate not being of greater value than $2,000; that the corporation was fraudulently organized with the aforesaid large capital stock with the fraudulent purpose of obtaining credit to an amount far in excess of what the amount put in the same would justify, and the real estate fraudulently conveyed by defendant in pretending payment of the stock for the fraudulent purpose of exempting defendant from any liability to the creditors of the corporation; that there was in fact $22,800 still unpaid by defendant on his stock; that on the fifteenth day of March, 1888, said Terra Cotta Company executed a note to the Wallace Manufacturing Company, a corporation, for $1,682; that said note was afterwards assigned to plaintiff and that on the twenty-first day of June, 1889, it recovered a judgment thereon in the circuit court of Johnson county, for $535.30 and costs of suit; that said Montserrat Terra Cotta Company had become wholly dissolved and insolvent, having no goods or chattels, lands or tenants, upon which to levy to satisfy said judgment. Prayer for judgment for the amount of the judgment against the Terra Cotta Company, interest and cost of suit. The answer was a general denial. On the trial the court, at the instance of plaintiff, instructed the jury as follows:

"1. The court instructs the jury that if they believe from the evidence, *first*, that the defendant conveyed the real estate in the petition to said corporation as in full payment for the two hundred and forty-eight shares of the stock originally subscribed by him; *second*, that the valuation put upon said real estate in said transfer was more than the same was reasonably worth; *third*, that said Montserrat Terra Cotta Company had been dissolved and is insolvent, and, *fourth*, that the defendant was at the time of the dissolution of

said corporation the owner of any of the shares so sub-
scribed by him, then the jury will find for the plaintiff
in such sum as may be unpaid on the shares held by
defendant at the time of dissolution of said corporation,
not exceeding, however, the amount of plaintiff's judg-
ment against said Terra Cotta Company, to-wit:
$535.30, with the costs of said suit and the interest on
the amount of said judgment, at six per cent. from the
rendition thereof, to-wit, June 21, 1889.

"2. In order to determine the amount unpaid, if
any, on any of the shares owned by the defendant at
the time of the dissolution of the corporation (if you
believe it was dissolved) you will deduct from the face
value of each of such shares such proportion thereof as
the reasonable value of the real estate conveyed, as
shown by the evidence, bore to the total face value
of the two hundred and forty-eight shares, and the
remainder will be the amount unpaid thereon.

"3. If the jury believe from the evidence that the
Montserrat Terra Cotta Company disposed of all its
property and became insolvent and ceased to engage in
actual business, then from that time it became dis-
solved."

And by request of the defendant the court gave the
following instruction to the jury ·

"The court instructs the jury that if you should find
and believe from all the evidence in the case that the
stock of said corporation, two hundred and fifty shares,
was fully paid up, either by property conveyed to it, or
by money paid to it, at the time of its organization,
then you shall find for defendant."

The verdict and judgment was for the plaintiff, and
defendant appealed.

*Samuel P. Sparks*, for appellant.

(1) The *gravamen* of the petition was for a fraud
committed on the corporation by the incorporators; for

this no action could be maintained by a single subsequent creditor against one of several incorporators. *Priest v. White*, 89 Mo. 609; Cook on Stocks & Stockholders [2 Ed.] sec. 47; *Anderson's Case*, L. R. 7 Ch. D. 75; *Crawford v. Rohrer*, 59 Md. 599; *Brant v. Ehlen*, 59 Rd. 1; *Phelan v. Hazard*, 5 Dill, 45; s. c., 6 C. L. J. 109; *Scoville v. Thayer*, 105 U. S. 143–156. *First.* The court, therefore, erred in overruling the objection *ore tenus* of defendant at the trial, to the introduction of any evidence under the petition, for the reason it stated no cause of action against this defendant. *Priest v. White, supra. Second.* It was essential for the plaintiff even in action in equity to allege and prove that he had been misled into giving the corporation credit, relying upon the alleged fraud that the stock had been fully paid. *Priest v. White, supra. Third.* But it nowhere appears either by allegation or by proof that the plaintiff was in such a situation. *Fourth.* This was strictly an equitable proceeding and could not be treated on the trial as an action at law, and the court erred in trying it as such. *Pollard v. Bailey*, 87 U. S. (20 Wall.) 620. *Fifth.* The test whether any given case has been proceeded upon as one in equity or at law is determined by the relief or judgment in the case. *Riley v. McCord*, 24 Mo. 265; *Mason v. Barnard*, 36 Mo. 384; *Fithian v. Marks*, 43 Mo. 502. (2) The individual liability of a stockholder in a corporation for the payment of its debts is always a creature of the statute; at common law it did not exist, and the statutory remedy must be resorted to. *Pollard v. Bailey, supra;* R. S. 1879, sec. 745; *Hannah v. Bank*, 67 Mo. 678; *Simpson v. Reynolds*, 71 Mo. 594. (3) A single creditor of an insolvent corporation cannot maintain an action at law against a single stockholder for his proportionate liability. *Pollard v. Bailey, supra; Terry v. Tubman*, 92 U. S. 156–161. *First.* It was irregular and erroneous for the court to submit an equitable proceeding

generally to a jury. It could only do so upon special issues of fact; the statute is mandatory, and the motion in arrest should have been sustained. R. S. 1889, sec. 2132; *Rubey v. Coal Co.*, 21 Mo. App. 159, and authorities cited, *supra*. *Second*. The proper proceeding to enforce such liability is by suit in equity where all the claims can be presented, and all the liabilities of the stockholders ascertained, and a just distribution made. *Pollard v. Bailey; Terry v. Tubman, supra; Horner v. Henning*, 93 U. S. 228. (4) The court erred in overruling defendant's demurrer to plaintiff's evidence. It wholly failed to establish that the alleged overvaluation was intentional and fraudulent. *Coit v. Gold & Awn. Co.*, 14 Fed. Rep. 12; s. c., 119 U. S. 343; Cook on Stock & Stockholders [2 Ed.] sec. 14; *Phelan v. Hazard*, 5 Dill. 45; s. c., 6 Cent. L. J. 109; Thompson, Liability of Stockholder, sec. 130. (5) The bill in equity was founded upon an alleged judgment against the corporation, but no valid judgment was produced on the trial. *Hoen v. Railroad*, 64 Mo. 561; *Jorden v. Railroad*, 61 Mo. 52; *Haley v. Railroad*, 80 Mo. 112; *Gates v. Teston*, 89 Mo. 13; *Cloud v. Pierce City*, 86 Mo. 357.

*W. W. Wood*, for respondent.

(1) "The *gravamen* of the petition" was an action under section 745, Revised Statutes, 1879, to recover of defendant a balance due on his stock, as a stockholder in the corporation at the time of its dissolution. R. S. 1889, sec. 2519; *Chouteau v. Dean*, 7 Mo. App. 210; *Kehlor v. Lademan*, 11 Mo. App. 550; *McGinnis v. Barnes*, 23 Mo. App. 413. *First*. All that portion of the petition alleging fraud may be stricken out and a perfect petition under the statute left. Mo. Prac. (Green and Myer) sec. 938; *Clark v. Edgar*, 84 Mo. 106, 111; *Railroad v. Freeman*, 61 Mo. 80; *Brown v. Bank*, 5 Mo. App. 1; *White v. Bircher*,

6 Mo. App. 595; *State v. Edwards*, 19 Mo. 674; *State v. Hamilton*, 7 Mo. 300. *Second.* It was not essential for the plaintiff to either allege or prove fraud. *Chouteau v. Dean, supra; Kehlor v. Lademan, supra; Shickle v. Watts*, 94 Mo. 414, 417; *Tallmadge v. Iron Co.*, 4 Barb. 382; *Boynton v. Hatch*, 47 N. Y. 225; Thomp. Liabilities Stock., secs. 127, 201. *Third.* Gallaher, having put the real estate in at an unreasonable value in payment of his stock, is liable to the creditors for the difference between the actual value and the value at which the real estate was taken by the company. *Chouteau v. Dean, supra; Tallmadge v. Iron Co., supra; Boynton v. Hatch, supra; Kehlor v. Lademan, supra; Shickle v. Watts, supra; Ins. Co. v. Floyd*, 74 Mo. 291; *Gill v. Balis*, 72 Mo. 424; *Upton v. Tribilcock*, 91 U. S. 45. In the language of Lord Justice GIFFORD he must pay "in meal or in malt." Thomp. Liabilities Stock, sec. 130. (2) Whether it was necessary to resort to the statutory remedy or not, it was done. (3) A single creditor of an insolvent corporation can maintain an action at law against a single stockholder, under the statute, to subject the balance due on his stock to the payment of his debt. See authorities under point 1. *First.* A proceeding in equity is necessary only in the absence of a statute, or where the peculiar verbiage of the statute requires it, as was the case in the authorities cited by the appellant. (4) There was no error in overruling the demurrer to the evidence. It was not necessary for the plaintiff to prove that the overvaluation was intentional or fraudulent. See authorities under point 1, subdiv. 3. The position taken by appellant is inconsistent with the theory submitted by the instruction given at his own instance in which he confined the attention of the jury to the payment by money or property, at the time of the organization, thus admitting that there was no subsequent payment. If there was error in that regard

he has invited it himself and cannot complain of it. If it was not necessary to allege fraud it was not necessary to prove it, nor for the jury to so find, and the first instruction was properly given. (5) Neither the summons in the case of The Farmers Bank *v.* The Montserrat Terra Cotta Company, nor the return upon it, were offered nor read in evidence, and are, therefore, not before this court. *Cloud v. Pierce City,* 86 Mo. 357; *Blodgett v. Schaeffer,* 94 Mo. 652. But even if the return had been in the record, and of the character claimed by appellant, it would have been strictly in accordance with the statute. The vice-president and manager is one of the "other chief officers" contemplated by the statute. R. S. 1889, sec. 2527; *Schaeffer v. Brewery Co.,* 4 Mo. App. 115. No objections were made to the introduction of any of the papers offered and read in evidence, and it is now too late to raise the question. The whole matter is evidently an afterthought.

GILL, J.—"If any company formed under this chapter dissolve, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit," etc. R. S. 1879, sec. 745. This statute is intended to authorize such actions as the one here prosecuted by this plaintiff, and this suit is clearly brought under this statute. It is not a suit in equity, but an action at law authorized by the terms of an act of the legislature. *McGinnis v. Barnes,* 23 Mo. App. 413; *Chouteau v. Dean,* 7 Mo. App. 210.

There is, too, no substantial objection to the petition. The allegations of fraud, it may be, are unnecessary, yet such statements in the petition do not destroy the material portions, nor convert this action at law into a suit in equity. These allegations may be rejected, and yet sufficient remains to constitute a good cause of action against the defendant. *Clark v. Edgar,* 84 Mo.

106. Plaintiff's petition contains every material allegation required to fasten on defendant a legal obligation to pay the plaintiff's claim. To hold defendant liable it is only necessary to allege and prove, *first*, that plaintiff is an unsatisfied creditor of the defunct corporation, the said Terra Cotta Company, and, *second*, that defendant at the dissolution of the said corporation was the holder of stock therein not fully paid up. These propositions established, it follows therefrom that plaintiff should recover to the extent of such unpaid stock, limited by the amount of his claim against the dissolved corporation. These allegations appear on the face of the petition, and the record abounds with testimony in support thereof. The unpaid stock subscriptions belonged to the creditors of the dissolved corporation to the extent of their claims against it; and this plaintiff, as one of such creditors, had the legal right to subject the same, or a sufficient amount thereof, to the payment of his judgment. *Gill v. Balis*, 72 Mo. 424, and cases cited.

It is contended by defendant's counsel that a dissolution of the corporation, the said Terra Cotta Company, must be shown before a creditor can sue a stockholder with stock unpaid. This is correct, but it is well established that a dissolution will be presumed in favor of the creditors, when it is shown that the corporation has practically surrendered its corporate rights, has ceased to do business and has transferred all of its assets. Instruction, numbered 3, given by the court on plaintiff's motion is a clear declaration of the law as applied to this case. *Kehlor v. Lademan*, 11 Mo. App. 550, 553.

We have considered in detail the several different points raised in defendant's brief, and have here given our views on such as deserve notice in an opinion. We conclude, from a review of the entire record, that the cause was fairly tried and submitted on instructions clearly declaring the law of the case, and that the judgment should be affirmed. All concur

## ON MOTION FOR REHEARING.

GILL, J.—Defendant's counsel asks a rehearing, and, with characteristic persistency, urges again, practically, the same points already made and passed on. It is not the purpose of these motions for rehearing, to let in simply a reargument of the case, but such motions "must be founded on papers showing clearly that some question, decisive of the cause, and duly presented by counsel in their brief, had been overlooked by the court, or that the decision is in conflict with an express statute, or with a controlling decision to which the attention of the court was not called." Rule number 20 of this court. However, through deference to the efforts of industrious counsel, we have traveled over the way again, and have this to say in addition to what has already been said.

I. It is again zealously contended that we are wrong in considering this proceeding as *an action at law*. It is said by counsel to be a *suit in equity*, pure and simple. Now, however this may be, is defendant in any situation to complain? He has all the time until his appearance in this court treated the action as one at law. From the filing of the petition to a verdict and judgment in the circuit court, defendant never, in a single instance—by objection or suggestion—sought a trial of this cause as equity suits are heard. He appeared, filed answer, went to trial before a jury, submitted instructions and argued the case ; all, in the circuit court, and never once suggested even that the suit was one of equity. More than this, in his motions for new trial and in arrest of judgment, no objection was made as to the form or manner of trial, or that said action was erroneously tried as a suit at law. Hence defendant cannot complain now. Still we adhere to what has already been said. This is an action at law and not a suit in equity. For additional authorities see

opinion by us in *Bagley v. Tyler*, *ante*, p. 195, and cases cited. *Hodgson v. Cheever*, 8 Mo. App. 318.

II.   Again we are blamed in not writing something in answer to the point made as to the alleged invalidity of plaintiff's judgment, which it had obtained against the corporation, and which serves as the basis of this action.   Our excuse for this alleged omission is apparent from the face of the record, since·no question of that nature was ever made in the court below, and hence cannot be made here.   The record as presented by defendant (page 9 of his abstract) states, that "the plaintiff, thereupon read in evidence the judgment roll in case of Farmers Bank of Frankfort, Indiana, plaintiff, *v*. Montserrat Terra Cotta Company, which was as follows." Then follows a judgment against the company in the usual form of judgments by default.   Defendant in his abstract accompanies this judgment with a copy of the summons and sheriff's return of service thereon.   Plaintiff corrects defendant's abstract of record by inserting the following from the bill of exceptions, to-wit: "Plaintiff next introduced in evidence the petition, note, judgment and execution" in the above-entitled cause, and asserts that the summons and return were not introduced by either party.   This being so, then any objection as to the service, as may be shown by the return on the summons, is not in the case.   Admitting, however, that it was, yet the record shows no objection made in the lower court.   The evidence was not objected to, nor was the attention of the trial court ever called to the point now made in this court. Hence, in no event, do we regard this as a question before us.

III.   It is strennously insisted that even though defendant may have taken the stock of the corporation, as full paid by a clear overvaluation of his property, yet in order to hold him for the difference between the par value of the stock and the property, fraud

must be alleged and proved.  The argument of counsel, on this point, it is conceded, is able and plausible, and his position, too, is sustained by respectable authority.  However, the question is settled in this state, and adversely, too, to counsel's contention.  Shares of stock issued by the corporation to its stockholders at less than its par value—whether for *cash* or for labor, materials or other property—are, in this state, held to be chargeable by the corporation's creditors for the difference between the cash paid, or labor or property furnished, and the said par value.  Such a transaction is regarded as a mere partial payment on the stock, and the stockholder is held liable for the balance regardless of the question of actual fraud.  *Shickle v. Watts*, 94 Mo. 410 ; *Chouteau v. Dean*, 7 Mo. App. 210 ; *Kehlor v. Lademan*, 11 Mo. App. 550 ; *Pickering v. Templeton*, 2 Mo. App. 424 ; Thompson Liability of Stockholders, secs. 127, 201.  " The stock * * * of a corporation shall be issued only for money paid, labor done, or money or property actually received," etc.  R. S. 1879, sec. 727.  Some distinction seems to be made by some of the text-writers and courts where the fictitious stock is issued for a discount in *cash* or for overvalued property, as in authority cited by defendant's counsel.  Cook on Stock & Stockholders, sec. 42.  It is there admitted that where the issue is for *cash* for any amount less than the par value, then fraud need not be shown.  In this state the rule is said to be the same, whether the stockholder gives money or property for the stock.  *Shickle v. Watts*, *supra*.  Nor do I see why any different rule should. apply.  As said in *Chouteau v. Dean supra* :  " The directors have no more right to accept property worth manifestly less than the face value of the stock, than they have to take depreciated or counterfeit currency as an equivalent on the same face value."  Page 215.  And as announced in *Kehlor v. Lademan*, *supra*, page 555 :  " Creditors have a right to claim, that, for every share

issued to him, the stockholder shall render to the assets its par equivalent, in money or property, or shall be responsible to the creditors for whatever may be lacking to make up such equivalent." These decisions from the St Louis Court of Appeals are cited with approval by the supreme court in *Shickle v. Watts, supra*, p. 417.

Motion for rehearing overruled. All concur.