NAOMI HELM, Respondent, v. C. D. HELM, Defendant; SMITH & STOUGHTON, Interpleaders, Appellants.

Kansas City Court of Appeals, January 30, 1893.

1. **Chattel Mortgages: STOCK IN TRADE: KEEPING PROCEEDS.** If it is agreed between the mortgagor and the mortgagee that the former should sell the mortgaged merchandise in the usual course of trade and keep all the proceeds of such sales for his own use, except enough to pay the mortgagee's debt, the mortgage is fraudulent and void as to creditors.

2. **Practice, Appellate:** INSTRUCTIONS. Appellant cannot complain of matters conceded to him in his own instructions.

3. **Instructions:** A FACT IN ISSUE. Instructions should not demand a verdict without regard to matter on which the case is built.

4. **Practice, Appellate:** VERDICT BINDS. If the trial court proceed on a correct theory of law, its finding with any evidence to support it binds.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*J. W. McAntire* and *E. O. Brown*, for appellant.

(1)   While it provided that Helm should continue in possession of the mortgaged property until default and continue to sell in usual course of business, yet it required him to deposit the net proceeds of all property sold in First National Bank of Joplin, to the credit of the mortgagees to be paid over to them in satisfaction of the indebtedness thereby secured, and the verbal agreement between Helm and the agent of the mortgagees made on the day of the execution of said mortgage that Helm might use a portion of the proceeds of his daily sales in the payment of lights, fuel or clerk hire and rent of storeroom, did not render the mortgage fraudulent or void as to creditors. *Metzner v. Graham*, 57 Mo. 404; *Hubbell v. Allen*, 90 Mo. 574; *Etheridge v. Sperry*, 11 Sup. Ct. 565; 139 U. S. 266; 19 N. W. Rep. 657; *Fletcher v. Martin*, 25 N. E. Rep. (Ind.) 886; *Bank v. Mercantile Co.*, 25 Pac. Rep. (Kan.) 888; *Havens v. Extein*, 5 N. Y. Sup. 735; *Brass Co. v. G. & Q. Co.*, 37 Mo. App. 154. (2)   The trial court erred in the instruction given at plaintiff's instance declaring the mortgage void if given upon more than $3,000 worth of property. It was merely a security, and the rule applicable where the creditor

takes more than reasonably sufficient in absolute payment does not apply. *Coleman v. Robertson*, 80 Mo. 541; *McKinney v. Wade*, 43 Mo. App. 152; *Metzner v. Graham*, 57 Mo. 405, 409. (3) The agreement between the agent of interpleaders and Helm at the time of the execution of the mortgage whereby Helm should deposit the proceeds of the sales, less expenses, in the bank until a sufficient amount had accumulated to satisfy the mortgage debt did not in the absence of any evidence that interpleaders knew that he was appropriating more than this to his own use, or using the same in the payment of other indebtedness, render the mortgage void. *Brass Co. v. G. & Q. Co.*, 27 Mo. App. 145, 154. Such an agreement in nowise tended to show an appropriation of the property to the use of Helm. *Ephraim v. Kelleher*, 29 Pac. Rep. (Wash.) 985.

*Thomas & Hackney* and *McReynolds & Halliburton*, for respondent.

The contention of plaintiff at the trial was, and is now, that the mortgagor was permitted to sell all of the mortgaged property, and to convert to his own use the proceeds, and it was competent and relevant for plaintiff to show such an understanding at the time of the execution of the mortgage, and that sales were, in fact, made by the mortgagor, and the proceeds applied to the use and benefit of the mortgagor. *Reed v. Pelletier*, 28 Mo. 173; *State to use v. Tasker*, 31 Mo. 445; *Hisey v. Goodwin*, 90 Mo. 366; *Weber v. Armstrong*, 70 Mo. 221.

ELLISON, J.—Plaintiff brought suit by attachment against defendant and attached a stock of merchandise as his property. Interpleaders claimed the goods under a chattel mortgage executed to them containing among others the following provisions:

"And until default be made as aforesaid, or until such time as the parties of the second part shall deem themselves insecure as aforesaid, the said party of the first part to continue in possession of all the said goods and chattels, in consideration of which he engages they shall be kept in as good condition as the same now are and taken care of at his own proper cost and expense. Any possession said party of the first part may at any time have of the property hereby mortgaged shall only be as the agent of the mortgagees. While the property shall be sold in first party's possession, he shall sell the said property at retail for cash only in the usual course of business unless otherwise expressly authorized by mortgagees, and shall keep a true and correct account of all sales and shall pay the proceeds. arising therefrom to the mortgagees to be applied to the payment of the debt hereby secured or to their assigns."

The case resulted below in plaintiff's favor. One declaration was given for plaintiff, and several were given and several were refused for interpleaders. As. the cause was tried by the court without the aid of a jury we will not attempt a scrutiny of these declarations except as they may fairly reflect the theory upon which the court disposed of the case. There was evidence which tended to show that, at the time of the execution of the mortgage, it was agreed between the mortgagor and the agent of interpleaders that the mortgage should not be recorded; that the agent told him that he need not comply with the terms of the mortgage; that all the mortgagees wanted was to have the money ready to pay the bill at the maturity of the note, and that the interpleaders would not be hard on him; that the mortgagor told the agent he had some other debts coming due which he would have to pay out of the proceeds of the sales and the agent told him

all right; that the company would not be tight on
him, etc.; that the defendant mortgagor refused to
execute the chattel mortgage, because it specified that
he should deposit the money in bank to interpleaders'
credit, saying that he needed the money to pay
incidental expenses; that interpleaders' agent told
defendant that paying for gas, fuel, etc., would be all
right, but that he could not use the money to pay for
or buy goods until the interpleaders were satisfied;
that defendant said he would take in more money than
necessary to secure the notes before the notes became
due, and that the agent answered, "If you get enough
money in the bank to secure me, I don't care what you
do with the balance of the money."

The evidence further tended to show that between
the twenty-fourth day of December and the ninth day
of January, defendant Helm continued to sell goods
at his boot and shoe store; that during that time he
sold between $600 and $800 worth of goods, the sales
amounting to about $50 per day; that he paid out of
the proceeds of the goods rent, gas bills, fuel bills,
clerk hire and a $400 note to T. W. Cunningham, at
the bank of Joplin, $150 on a debt due H. Patterson
& Co.; that the money was deposited in the bank
to his own credit and all checked out by him; that he
carried on the business just the same after the execu-
tion of the mortgage as he did before; that no money
was deposited by him in the Joplin National Bank to
the interpleaders' credit; that interpleaders never
asked him for an accounting or made any inquiry
about his complying with the terms of the chattel
mortgage until after the levy of the attachment.

We can by no means agree to interpleaders' con-
struction or interpretation of the declaration of law for
plaintiff. It was not declared therein that an extension
of time on interpleaders' claim, or the taking of more

goods in the mortgage than was necessary to secure the debt invalidated the mortgage. These matters were merely by way of recital. The whole substance of the declaration is embodied in these words that if "it was agreed between Richardson [the agent] and Helm that Helm should sell said merchandise in the usual course of trade, and said Helm was to keep all the proceeds of such sales for his own use except enough to pay interpleaders' debt, then said mortgage became fraudulent and void as to other creditors, and the finding should be for plaintiffs." This was a proper declaration and there was evidence upon which to base it.

Interpleaders insist that the agreement, *aliunde* the face of the mortgage, that the mortgagor might remain in possession of the goods and sell in the usual course of trade, provided he deposited the proceeds of the sales to interpleaders' credit, save expenses for fuel, lights, rent, etc., was proper and legal. This was conceded to them by their first declaration given. The declarations refused for interpleaders were none of them fair to plaintiff. They omitted the questions upon which plaintiff builds her case, and demanded a verdict without regard thereto.

It is quite apparent from the record that the trial court had in view the correct legal theory of the case, and, there being evidence in the cause upon which to base it, we must abide by the finding made. We, therefore, affirm the judgment, not believing other suggestions made are of sufficient moment to affect the result. All concur.