BANK OF ATCHISON COUNTY, Respondent, v. HENRY W. SHACKELFORD, Appellant.

67    475
93   ¹129

Kansas City Court of Appeals, November 23, 1896.

1. **Chattel Mortgages:** DESCRIPTION: IDENTITY OF PROPERTY. An instruction telling the jury if they believe that the property in controversy was the same and identical property described in plaintiff's chattel mortgage, fairly submits the identity of the property to the jury.

2. ———: FRAUDULENT CONVEYANCES: SALE BY MORTGAGOR. Where the mortgagee consents that the mortgagor may sell a portion of the mortgaged property and apply the proceeds on the mortgage debt, the fact that the purchaser is allowed to retain a small amount which

might be a suitable commission to the mortgagor for the sale to square a debt of the mortgagor to the purchaser, is not such evidence of fraud as to avoid the mortgage.

3. **Appellate Practice**: OBJECTION AND EXCEPTION SAVED: NO REVIEW. Where no objection or exception is saved in the record to an action of the trial court and the question was first raised in the appellate court, the latter can not review the action.

*Appeal from the Atchison Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*Hunt & Bailey* for appellant.

(1) In replevin the plaintiff must recover upon the strength of his own title and not upon the weakness of the adversary's title. *Kennedy v. Dodson*, 44 Mo. App. 550; *Rhoades v. McNulty*, 52 Mo. App. 301; *Bank v. Water Power Co.*, 58 Mo. App. 532. (2) In replevin suits the property sought to be replevied must be described, and after the levy the description of the property can not be changed. They can not substitute other property. *Foundry Co. v. Schloss*, 43 Mo. App. 304; *Grant v. Barber*, 38 Mo. 160; *Mahoney v. Smith*, 7 Mo. App. 578, No. 1; *Rogers v. Langenberg*, 42 Mo. App. 7; *Kaufman v. Schillings*, 58 Mo. App. 218. (3) May show anything under the general issue in replevin that tends to defeat the plaintiff's title. *Pugh v. Williamson*, 61 Mo. App. 165; *Young v. Glascock*, 79 Mo. 574; *Turner v. Langdon*, 85 Mo. 438. (4) The description of the property in a chattel mortgage must be so definite as to enable third parties, by its aid, and with such inquiries as the instrument itself suggests, to identify the property. If it fails to do this, the mortgage is not good where the rights of other creditors of the mortgagor intervene. *Vette v. Levonori*, 42 Mo. App. 218; *Rogers v. Langenberg*, 42 Mo. App. 7;

*Bozeman v. Fueds*, 44 Mo. App. 432; *State ex rel. v. Althaus*, 60 Mo. App. 122. (5) If the mortgagor sells or disposes of mortgaged property at the request of the mortgagee and applies the proceeds or any part thereof to the payment of his individual debts, not included in the mortgage, it vitiates the mortgage as to intervening creditors. *Sauer v. Behr*, 49 Mo. App. 86; *Smith v. Ham*, 51 Mo. App. 433; *Helm v. Helm*, 52 Mo. App. 615; *Letter Co. v. Hardware Co.*, 57 Mo. App. 297; *Lafayette Co. v. Mfg. Co.*, 40 Mo. App. 494; *Snyder v. Railroad*, 112 Mo. 527. (6) Where the mortgagee permits an unreasonable time to elapse after the mortgage debt falls due, without foreclosing his mortgage or renewal of the same, and other creditors of the mortgagor come and levy upon the mortgaged property, the mortgagee can not invoke his mortgage, as against these creditors, but he stands as any other ordinary creditor. While we have no direct decisions upon this point in this state, yet we have in others. The Illinois statute is the same as ours in reference to chattel mortgages. Revised Statutes State of Missouri, 1889, section 5176; Laws of 1895, p. 180, sec. (1), (5176); *Cass v. Perkins*, 23 Ill. 383; *Hawthorn v. Lewis,* 22 Ill. 398; *Wooley v. Frey*, 30 Ill. 159; *Barbour v. White*, 37 Ill. 164.

*McKillop & Reeves* for respondent.

(1) The test of the sufficiency of the description of property embraced in a chattel mortgage, in a case of this kind, is that the description must be such that a third person, by its aid, with such inquiries as the instrument itself suggests, can identify the property. *Jennings v. Sparkman*, 39 Mo. App. 663; *Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 204; *Cass v. Gunnison*, 58 Mich. 108; Jones on Chat.

Mortg., sec. 55; *State ex rel. v. Cabanne,* 14 Mo. App. 294; *State to use v. Cabanne,* 14 Mo. App. 455, and the descriptive word may be aided by parol. Herman on Chattel Mortgages [1 Ed.], sec. 39; *Boerger v. Langenberg,* 42 Mo. App. 7; *Jennings v. Sparkman,* 39 Mo. App. 671. (2) The question of whether number 14 was included in the mortgage was submitted to the jury, and, on the evidence, the jury found it was, and the appellate court will not review the action of the jury. *Burke v. Railroad,* 51 Mo. App. 491; *Blanton v. Dodd,* 109 Mo. 64; *Broy v. Kremp,* 113 Mo. 552; *State v. Richardson,* 117 Mo. 586; *Lange v. Uhlman,* 47 Mo. App. 227; *State v. Hert,* 89 Mo. 590; *Watson v. Stromberg,* 46 Mo. App. 630. (3) The evidence shows that some time after the execution of the chattel mortgage the mortgagor was indebted to one Morrin-Powers Mercantile Company, and that one M. McKillop was their attorney and had the claim for collection. Their claim had been reduced by the payment of cash and the sale to them of brandy to the amount of $6.20. The mortgagee, being desirous of realizing on its said mortgage and getting its debt paid, agreed that if Sutter, mortgagor, could sell some of the brandy to said Morrin-Powers Mercantile Company, it, the mortgagee, would allow him out of the proceeds of the sale the sum of $6.20 to pay the balance due by him to Morrin-Powers Mercantile Company, and this, appellant claims, violated the mortgage. We need only to call the attention of the court to the authorities cited by appellant to show that the principle invoked by appellant is in no manner applicable to the case in hand.

SMITH, P. J.—The case may be stated in this wise:

On May 25, 1895, William Sutter, being indebted to plaintiff by note in the sum of $135, executed to plaintiff a chattel mortgage covering six barrels of

apple brandy, numbered by the United States gauger,
7, 8, 9, 10, 12, and 13, and also two barrels not yet
gauged, all of said barrels then in store at the
distillery and residence of the said Sutter, near Rock-
port, Atchison county, Missouri.    Subsequently, the
defendant, Shackelford, under two writs of execution
to him directed and delivered, against the said Sutter,
levied the same on four barrels of apple brandy
numbered 7, 9, 11, and 14, and one keg numbered 10,
as the property of said Sutter.    Afterward, on the
second day of November, 1895, the plaintiff brought
this action against the said defendant and under the
writ took the property so levied on by defendant out of
his possession.

There was a trial resulting in judgment for plaintiff
from which defendant appealed.

The pivotal question in the case is, whether the
plaintiff is entitled to the possession of said barrel of
brandy number 14.    This question was submitted to
the jury under an instruction (plaintiff's number 1)
which declared that if they found from the evidence
that the package described as number 14 was one of the
same identical packages described in the chattel
mortgage as one of the barrels of apple brandy not yet
gauged, or numbered, that they would find for plaintiff
as to such package, unless they further found that
plaintiff permitted said Sutter to sell a portion of the
mortgaged brandy, and that said Sutter, with the
knowledge of plaintiff, applied part of the said brandy
to the payment of his debts, but *that the permitting of
Morrin-Powers & Company to retain part of the proceeds
of the sale of two packages as an inducement to making the
sale and disposal thereof, so that plaintiff might receive
the balance to apply on the mortgage debt, then the allow-
ing the said Morrin-Powers Mercantile Company to
retain a small portion of the proceeds in the manner above*

*set forth would not invalidate the mortgage, etc.*, and they should find for plaintiff.

The defendant's second instruction was amended by the court on its own motion so as to make it consistent in enunciation with that of plaintiff already referred to.

It is the now well settled rule in this jurisdiction that a mortgage to be effectual must point out the subject-matter of it, so that third persons, by its aid, together with the aid of such inquiries as it suggests, may identify the property covered by it. *Boeger v. Langenberg*, 42 Mo. App. 7; *Jennings v. Sparkman*, 39 Mo. App. 671; *Chandler v. West*, 37 Mo. App. 631; *Hughes v. Menefee*, 29 Mo. App. 204; *Bank v. Metcalf*, 29 Mo. App. 394; *Stonebraker v. Ford*, 81 Mo. 532. And it is equally well settled that in legal proceedings, when the inquiry is, as here, whether particular property was intended to be embraced in such instrument, parol evidence is admissible to aid the descriptive terms employed. *Boeger v. Langenberg, supra; Campbell v. Allen*, 38 Mo. App. 27; *State v. Cabanne*, 14 Mo. App. 294; *Bank v. Jennings*, 18 Mo. App. 651.

In the present case, the mortgage was given in evidence without objection. The plaintiff followed this up with evidence, to which also no objection was interposed, tending to show that the barrel of brandy number 14 in dispute was one of the two ungauged and unnumbered barrels which Sutter had in the store, and described in the mortgage at the time of its execution. Considerable evidence *pro* and *con* was introduced on this issue. The identity of the property was, by this instruction, fairly left to the jury to determine under the evidence.

But the defendant strenuously insists that the qualifying part of said instruction, which, for convenience of reference, we have italicized, is erroneous.

The defendant, in support of his contention cites: *Sauer v. Behr*, 49 Mo. App. 86; *Smith v. Ham*, 51 Mo. App. 433; *Helm v. Helm*, 52 Mo. App. 615; *Leather Co. v. Hardware Co.*, 57 Mo. App. 297; *Snyder v. Railroad*, 112 Mo. 527. But it will be seen by reference to said instruction that it fully recognizes the very doctrine announced by these cases, which declare no more than when it appears on the face of a mortgage conveying personal property that the mortgagor is to retain possession and sell and dispose of it in the usual course of business, for his own benefit, that such mortgage is void as to creditors, on the ground that such conveyance is deemed in law for the use of the mortgagor and for that reason void under the statute. And that a like result follows where the mortgage is fair on its face and the same impeaching facts are proved by extrinsic evidence.

The evidence disclosed by the record tends to prove that Sutter was endeavoring to make sale of the mortgaged property and that finally he succeeded in selling two barrels of it to Morrin-Powers Mercantile Company, provided the said company were allowed to deduct from the purchase price the sum of $6.20 due them by said Sutter, and to this the plaintiff consented. The remainder of such purchase price was paid to plaintiff and credited on the mortgage note. This small amount may well have been allowed Sutter, as plaintiff contends, as a commission for making the sale; but whether it was so allowed or not, we discover in the transaction no such evidence of fraud or collusion as would justify us in declaring the mortgage void on that account. We do not think the plaintiff's instruction is fairly subject to the objection which the defendant urges against it.

The defendant further contends that the plaintiff, having permitted the mortgaged property to remain in

the possession of the mortgagor for an unreasonable time after its mortgage debt fell due without foreclosure or renewal of such debt, that therefore it can not, as against the other creditors who have levied on the property, invoke the protection of its mortgage against them. It is a sufficient answer to this contention to say that no such question arises on any exception presented by the record to the ruling of the trial court on the admission or exclusion of evidence, or in the giving or refusing of instructions. We can not, therefore, pass upon the point now raised in this court for the first time in the case and which the trial court had no opportunity to pass upon. Section 2302, R. S.; *Hanford v. Kansas City*, 103 Mo. 172; *St. Louis v. Sieferer*, 111 Mo. 662; *Connelly v. Benefit Soc.*, 43 Mo. App. 283; *Patterson v. Sutton*, 56 Mo. App. 325; *Bank v. Gallagher*, 43 Mo. App. 482.

It is further objected in the defendant's printed argument that the said mortgage is void on its face, because it provided that in addition to securing the debt therein specially mentioned, also "any other indebtedness of the said William Sutter to said bank." What has been said in the preceding paragraph is equally applicable to this objection and the latter must be disposed of in the same way.

It follows, therefore, that the judgment of the circuit court must be affirmed. All concur.